## Truszkowski Estate

*David Abrams,* for Commonwealth.
*Layden Sadecky,* for administrator.

ROWLEY, *J.*, August 20, 1976—Leon Truszkowski died testate on October 19, 1964. Since that time, the administration of his meager estate has been extended by bitter and acrimonious dissension, disagreement and litigation, the expense of which far outweighs the economic value of the estate.* Unfortunately, the matter does not yet appear to be at an end. Presently before us for determination is a petition of the Secretary of Revenue of the Commonwealth of Pennsylvania, and a citation issued pursuant thereto, requesting that the present administrator d.b.n., c.t.a. be directed to pay inheritance tax alleged to be due from decedent's estate, as well as all costs of these proceedings. We have concluded, after hearing and argument by counsel, followed by a complete review of the entire record in this estate, that the Commonwealth's petition must be denied, without prejudice, however, to its right to seek the payment of any tax which might be due from the donee of a gift of certain moneys made by decedent shortly prior to his death.

In his last will and testament, dated June 15, 1956, decedent appointed his son, Stanley A. Truszkowski (executor) as the executor of his estate. Letters testamentary were issued to the executor. On July 6, 1967, the executor filed an inventory and appraisement listing the assets of the estate as (1) cash, in the amount of $5,000, (2) furniture having a value of $50, and (3) a parcel of real estate in the Borough of Ambridge, Beaver County, valued at $4,000. The real estate was devised by decedent in his will to a son and nephew. On the same day, the executor filed appropriate

*For a review of some of the prior proceedings see 33 Beaver 183 (1974).

inheritance tax appraisement forms and a statement of debts and deductions. No inheritance tax was paid at that time.

Approximately five years later it developed that the item of $5,000 cash was not, and had never been, in the executor's possession. On May 9, 1972, the executor presented a petition on the basis of which a citation was issued to his sister, Mrs. Josephine Wujas (a daughter of decedent) to show cause why she should not surrender the $5,000 listed as an asset of the estate in the inventory and appraisement to the executor in order that it might be included in the estate assets. Following a hearing, the Honorable Frank E. Reed, then President Judge of the Orphans' Court of Beaver County, filed an opinion and order in which he found that the money, which was the subject of the citation, had been contained in a metal box and was the subject of a gift made by decedent some time before his death. Judge Reed held that since the $5,000 had not been in the actual or presumptive possession of decedent at the time he died, the court had no jurisdiction to consider the matter. In his unreported opinion, at page 2, Judge Reed said:

"(1) Our jurisdiction is determined by Section 301 (13) of the Orphans' Court Act of 1951, as amended, 20 P.S. 2080.301 which provides that this Court shall have jurisdiction to adjudicate title to personal property . . . alleged by the personal representative to have been in the possession of the decedent at the time of his death. It has been held that the possession requisite to the attachment of jurisdiction may be either actual or presumptive. Sembrat Est., 4 Fid. Rev. 492 (1954) citing Moyer's Est., 341 Pa. 402. *In this case the property was not alleged to be either in the actual or the presump-*

*tive possession of the decedent at the time of his death. In fact, as we have stated, the credible evidence was entirely to the contrary.* We are, therefore, of the opinion that the Orphans' Court Division lacks jurisdiction." (Emphasis supplied.)

No appeal was ever taken from Judge Reed's decision. Thus, the record in this case is clear that the sum of $5,000 was not in decedent's possession at the time of his death and never came into the possession of the executor or his successor. Thus, the present administrator cannot be held responsible or liable for the payment of the tax on such sum.

The inheritance tax levied by the Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P.L. 373, 72 P.S. §2485-101, et seq., is a tax on the privilege of inheritance. It is not a tax on property or persons. Although the personal representative of an estate is responsible to report all taxable property of which he has knowledge, he is not liable for the payment of the tax on any property which he is not "in charge of or in possession of": Inheritance and Estate Tax Act of 1961, §2485-741; Smith and Grossman, Pa. Fid. Guide (1962), §§12.1 and 12.11. Since the present administrator, as well as his predecessor, the executor, were never in charge of or in possession of the $5,000 which was the subject of decedent's gift to his daughter, neither the estate nor the administrator is liable for payment of the tax on such amount. The money was reported, although improperly, in the initial inventory and appraisement filed by the executor, as well as in the inheritance tax return forms. Subsequent to the decision of Judge Reed, the present administrator filed an amended or corrected inventory and appraisement form from which the $5,000 cash item

was eliminated and the total estate was listed as the furniture and the Ambridge real estate.

Our conclusion, of course, that the estate and the administrator are not liable for the payment of the tax on the $5,000 does not preclude the Commonwealth from seeking payment from the donee of the gift. However, we do not rule upon any such claim in these proceedings, since the citation and petition were not issued to, or served upon, the donee.

Turning to the question of whether or not any tax is due on the remaining items listed as assets of the estate, that is, the furniture and the Ambridge real estate, having a total appraised value of $4,050, the record also discloses that allowable deductions exceed that amount thereby rendering the estate insolvent insofar as the Commonwealth's claim for inheritance tax is concerned. On July 6, 1967, the executor filed a statement of debts and deductions totaling $2,735.50. These deductions were approved on July 10, 1967, by the Deputy Register of Wills of Beaver County. A review of the record discloses, however, that there are additional deductions which have been, or should be allowed, to the estate. First is a deduction for the family exemption. On January 10, 1975, the court entered a decree, at the audit of the executor's account, which, in part, allowed the claim of Harry Truszkowski for the family exemption in the amount of $1,000. The record also reveals that additional administrative expenses, which are appropriate deductions, have been incurred during the long history of this case. These additional administrative expenses are:

Robert Amalia and Valley Realty Company, appraisal of real estate in connection with attempted sale by executor of real estate at $35.00 each .................... $ 70.00

Beaver County Legal Journal and Tribune
Printing Company, advertising costs for
advertising petition and order in connection
with attempted sale of real estate .. $161.50
Ross Rowe, witness fee, probating will $ 25.00
John L. Neely, Jr., Register of Wills:
Fees and costs paid and due
$259.05
Less: Fees and costs claimed
in debts and deductions
$ 67.00
$192.05

Counsel fees:
Approved by Court by decree
dated January 10, 1975
and March 18, 1975   $500.00
Less: Fees claimed in
debts and deductions
$450.00
$ 50.00
Total ............ $498.55

It is clear, therefore, that the total of the original listed debts and deductions approved by the register of wills, the family exemption and the additional administrative expenses exceed the total gross assets of the estate. Therefore, no inheritance tax is due from the estate or the present administrator to the Commonwealth of Pennsylvania. A decree will be entered accordingly.

## DECREE

Now, August 20, 1976, the citation issued June 8, 1976, to Richard L. Neff, administrator, is dismissed. The petition of the Secretary of Revenue of

the Commonwealth of Pennsylvania for payment of inheritance tax by the administrator d.b.n., c.t.a. of decedent's estate is denied, for the reasons set forth in the opinion filed herewith, without prejudice to the right of the Secretary of Revenue to take appropriate action to collect any inheritance tax that may be due from the donee of decedent's cash gift.

This decree shall become final unless exceptions are filed within ten days after receipt of a copy of this decree.